IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARGARET ROBERTS, on behalf
of herself individually and all others
similarly situated, ET AL.**                                                                       **PLAINTIFFS**

VS.                          CASE NO. 4:05CV000183 JMM

**SUNBEAM PRODUCTS, ET AL.**                                                          **DEFENDANTS**

**ORDER**

Pending are Plaintiff's Motion to Certify Class and Defendants' Motion for Summary Judgment. For the reasons stated below, the Motion to Certify Class is denied and the Motion for Summary Judgment is granted.

Plaintiff claims are brought pursuant to the Arkansas Deceptive Trade Practices Act, strict liability in tort, and a breach of implied warranties. Plaintiff sought class certification for persons who purchased Sunbeam electrically-heated bedding products containing a positive temperature co-efficient heating element which malfunctioned. Plaintiff testified that her blanket has never malfunctioned, and that she stopped using the blanket, not because of any alleged defect, but because her legs were stiff when she woke up in the morning.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

250 (1986).   The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact.   *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

The Arkansas Supreme Court recently held that a cognizable injury is required for claims filed pursuant to the Arkansas Deceptive Trade Practices Act and common law fraud.   *See Wallis v. Ford Motor Co.,* ___ S.W.3d ___ , 2005 WL 1120218 (Ark. 2005).

Based upon the holding in *Wallis v. Ford Motor Co.* and the undisputed fact that she has not suffered an injury based upon defendants' product either malfunctioning or containing a defect, plaintiff cannot establish a Deceptive Trade Practices Act claim.

This same reasoning would apply to plaintiff's strict liability and breach of implied warranty claims.   *See* Ark. Code Ann. § 4-86-102 (requiring defect in product and damage to person or property for strict liability claim).   To establish a breach of implied warranty claim, plaintiff must establish that at the time her blanket left the control of the manufacturer, it was in a defective condition, and that such defective condition was the proximate cause of an injury.   *See Ford Motor Co. V. Gornatti*, 253 Ark. 237, 486 S.W.2d 10 (1972); see also *E.I. Du Pont de Nemours & Co. V. Dillaha*, 280 Ark. 477, 479-80, 659 S.W. 2d 756, 757-58 (1983)(damages are an essential element of claims for breach of implied warranties).   Plaintiff's own testimony is that while she believes the blanket should produce more heat, the blanket has not malfunctioned.

Because plaintiff cannot assert an injury resulting from a malfunctioning or defective blanket, she cannot represent a class of which she would otherwise not be a member and class certification would be inappropriate.   *See* Fed. R. Civ. P. 23 (representative party must be able to fairly and adequately protect the interests of the class); *Walker v . World Tire Corp., Inc.*, 563

F.2d 918 (1977) (class certification inappropriate when plaintiff is not member of the class).

The Motion to Certify Class is denied without prejudice (#33) and the Motion for Summary Judgment is granted as to this plaintiff (#38). Judgment will be entered accordingly.

IT IS SO ORDERED this   14   day of December, 2005.

                                                            James M. Moody
                                                            United States District Judge